# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JUDITH R. JAMES,**

    **Plaintiff,**

 **v.**                                                                                                         **No. 18-cv-1074 JCH/SMV**

**ANDREW SAUL,**[1]
**Commissioner of the Social Security Administration,**

    **Defendant.**

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Plaintiff's Brief in Support of Motion to Remand or Reverse [Doc. 20], filed on April 25, 2019. The Commissioner responded on July 22, 2019. [Doc. 24]. Plaintiff replied on August 5, 2019. [Doc. 25]. The Honorable Judith C. Herrera, Senior United States District Judge, referred the case to me to for proposed findings and a recommended disposition. [Doc. 19]. Having meticulously reviewed the entire record and being fully advised in the premises, I find that Plaintiff fails to meet her burden as the movant before this Court to show either that the Administrative Law Judge ("ALJ") did not apply the correct legal standards or that his findings were not supported by substantial evidence. Because Plaintiff's arguments fail to show either kind of error, I recommend that the Motion be denied and the final decision of the Commissioner, affirmed.

---

[1] Andrew Saul is the current Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2012).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481 (1980). The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 404.970(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096.

Here, the Court reviews the ALJ's decision considering the entire record, which does *not* include the evidence submitted to, but rejected by, the Appeals Council and not exhibited in the record. Tr. 6, 20−170. Plaintiff raises no challenge to the disposition of that evidence. *See* [Docs. 20, 25]. If the Appeals Council had considered any of the evidence, this Court would also include the evidence in its review of the entire record. However, because the Appeals Council did not consider it—a determination not challenged by Plaintiff—this Court does not consider it either.

issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The 'failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.'" *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

### **Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2012); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected

to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[3] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i)–(iv), 416.920(a)(4)(i)–(iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## **Procedural Background**

Plaintiff applied for a period of disability and disability insurance benefits on April 1, 2014, and for supplemental security income on July 28, 2014. Tr. 35. She alleged a disability-onset date of December 18, 2013. *Id.* Her claims were denied initially and on reconsideration. *Id.* ALJ Randolph E. Schum held a hearing on June 22, 2016, in Phoenix, Arizona. Tr. 35, 171–89. Plaintiff appeared via videoconference from Flagstaff, Arizona, with her attorneys Nicole Franco and John Heard. Tr. 35. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Marcos R. Molinar. Tr. 35, 185–87.

The ALJ issued his unfavorable decision on September 22, 2016. Tr. 46. He found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018. Tr. 37. At step one, he found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* At step two, the ALJ found that Plaintiff suffered from the

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

4

following severe impairments: "residual (swelling) from adrenal surgery, obesity, anxiety disorder, and posttraumatic stress disorder ('PTSD')." *Id.* The ALJ also found that Plaintiff's diabetes mellitus, gastroesophageal reflux disease, constipation, "high blood pressure and/or heart condition," and urinary urgency were not severe. Tr. 38.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 39–41. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 41–45. The ALJ found that Plaintiff had:

> the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except that she can stand and/or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday; she can lift and carry 20 pounds occasionally and ten pounds frequently; she can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds; she can occasionally stoop, kneel, crouch, and crawl; she should avoid concentrated exposure to unprotected heights; and she should not work in a setting with constant or regular contact with the general public or more than infrequent handling of customer complaints.

Tr. 41.

At step four, the ALJ found that Plaintiff was able to return to her past relevant work as a housekeeping cleaner (Dictionary of Occupational Titles ("DOT") number 323.687-014), as it is generally performed. Tr. 45. Accordingly, the ALJ found that Plaintiff was not disabled, and he denied her claims. Tr. 46. The Appeals Council denied review on January 5, 2018. Tr. 5–8. After an extension of time, Tr. 1, Plaintiff timely filed the instant action on November 16, 2018, [Doc. 1].

## Analysis

Plaintiff makes three arguments, each without merit. She fails to show any reversible error in the ALJ's evaluation of her reported symptoms or in the development of the record as to the

effects of hyperglycemia. She fails to show that any reversible error in the ALJ's classification of her past relevant work ("PRW"), especially because substantial evidence supports the classification. Finally, her challenge to the ALJ's evaluation of Dr. O'Neil's opinion is conclusory and fails to support remand. Accordingly, Plaintiff's Motion should be denied,[4] and the Commissioner's decision should be affirmed.

## I. Plaintiff fails to show any reversible error in the ALJ's application of Social Security Ruling 16-3p in evaluating her reported symptoms.

In evaluating the symptoms reported by a claimant, the ALJ utilizes a two-step process. Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4, at *5–10. First, the ALJ determines whether the claimant has a medically determinable impairment that could reasonably be expected to produce the reported symptoms. *Id.* at *5. Second, the ALJ evaluates the "intensity and persistence" of the symptoms, such as pain, and determines the extent to which the symptoms limit the claimant's ability to perform work-related activities. *Id.* at *9. In considering the "intensity, persistence, and limiting effects" of a claimant's symptoms, the ALJ examines "the entire case record." *Id.* at *9–10. For example, the ALJ should consider the claimant's:

> 1. Daily activities;
> 2. The location, duration, frequency, and intensity of pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any

---

[4] Plaintiff expands her arguments somewhat in her Reply. *See* [Doc. 25] at 2–5. To the extent that Plaintiff makes any new argument for the first time in her Reply, it is waived. *See Kruse v. Astrue*, 436 Fed. App'x 879, 885 (10th Cir. 2011) ("[a]rguments presented for the first time in a reply brief are waived" (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994))); *Berna v. Chater*, 101 F.3d 631, 632–33 (10th Cir. 1996) (recognizing "that waiver principles developed in other litigation contexts are equally applicable to social security cases"). Additionally, to the extent that Plaintiff's Reply could be construed as asserting any new argument, I find that it would be inadequately developed and, therefore, waived. *See Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009) (stating that an issue is waived if not adequately supported by "developed argumentation" (quoting *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004))).

medication an individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.* at 18–19; *see* 20 C.F.R. § 1529(c)(3)(i)–(vii) (2011).

If the claimant's "statements about the intensity, persistence, and limiting effects" of her symptoms are consistent with the evidence of record, the ALJ will determine that the symptoms are "more likely to reduce [her] capacities to perform work-related activities." SSR 16-3p, 2016 SSR LEXIS 4, at *20. If they are not consistent, the ALJ will find that symptoms are "less likely to reduce [her] capacities to perform work-related activities." *Id.* Moreover, the ALJ will consider the claimant's attempts to seek medical treatment for her symptoms, whether she has followed the recommended treatment, as well as the possible reasons for lack of treatment compliance. *Id.* at *22–23.

The ALJ's decision must contain more than conclusory findings. *Id.* at *26. A recitation of the factors is not adequate. *Id.* "The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Here, Plaintiff fails to show any reversible error in the ALJ's evaluation of her reported symptoms.

### A. Plaintiff fails to show reversible error in the ALJ's evaluation of her residual symptoms from adrenal surgery (abdominal pain).

The ALJ essentially rejected Plaintiff's reported symptoms and limiting effects of abdominal pain. *See* Tr. 42. He found that her subjective allegations regarding the limiting effects of her "pain and discomfort, due in part to residual swelling from adrenal surgery and obesity," were inconsistent with her treatment records and with her testimony regarding the effectiveness of her prescribed treatment. *Id.* For example, the ALJ found that Plaintiff had testified that pain medication took her pain away. *Id.* He further found that this testimony (that medication took her pain away) was consistent with her treatment records, which showed that Plaintiff was in no "distress." *Id.* On these grounds, the ALJ assigned "minimal weight" to Plaintiff's allegations of abdominal pain. Tr. 43.

Plaintiff challenges the ALJ's effective rejection of her reported abdominal pain. [Doc. 20] at 8–9, 20–24. Plaintiff argues that she has consistently complained of abdominal pain to her treatment providers and that the medical records corroborate her consistent complaints. [Doc 20] at 8. She argues, therefore, that the ALJ failed to "consider [her] persistent efforts in seeking relief for her pain or the daily limitations and restrictions caused by her pain." *Id.* at 9, *see id.* at 20–24 (listing evidence). The Court is not persuaded.

Plaintiff's position, even if borne out by the record, fails to trigger remand. Plaintiff must show that the ALJ applied an incorrect legal standard or that his findings are not supported by substantial evidence. She makes neither argument. Instead, she points to evidence that is favorable to her and argues that the ALJ failed to "consider" it. Generally, if an ALJ writes that he has "considered" the evidence, federal courts in the Tenth Circuit take him at his word. *Wall v. Astrue*,

561 F.3d 1048, 1070 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007)). This case is no exception.

The ALJ here explicitly stated that he had considered the entire record. Tr. 35 ("After careful consideration of all the evidence . . ."); Tr. 37 ("After careful consideration of the entire record . . ."); Tr. 38 ("After considering the evidence of record . . ."); Tr. 41 ("After careful consideration of the entire record . . ."); *id.* ("In making [the RFC] finding, the [ALJ] has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). I take him at his word, and I find that he considered all of the evidence of record.

Critically, Plaintiff does not challenge the relevant findings by the ALJ. She does not dispute his finding that she testified that medication took her pain away. *See* [Doc. 20] at 8–9. Nor does Plaintiff challenge his finding that her treatment records indicate that she was in no "distress." *See id.* Nor does she argue that these findings fail to support his assigning minimal weight to her reported symptoms. *See id.* Nor does she challenge the legal standard applied by the ALJ. *See id.* Her sole argument is that "[t]he ALJ did not consider [her] persistent efforts in seeking relief for her pain or the daily limitations and restrictions caused by her pain." *Id.* at 9; *see* [Doc. 25] at 4. That lone argument is not meritorious because the ALJ considered all of the evidence. Remand is not warranted on that ground.

### B. Plaintiff fails to show reversible error in the ALJ's evaluation of her anxiety disorder, PTSD, memory, or concentration.

In evaluating Plaintiff's mental impairments, the ALJ assessed a mild restriction in Plaintiff's activities of daily living; a moderate limitation in social functioning; and a mild

9

limitation with concentration, persistence, or pace. Tr. 43. Plaintiff cites to certain portions of the record and argues for more restrictive limitations. [Doc. 20] at 11–12. For example, she argues that her memory and concentration problems are noted in the record. *Id.* at 11 (citing Tr. 957, 932, 1215, 1256, 1424). She also argues that her difficulties in answering questions at the hearing are evident in the transcript. *Id.* at 11–12 (citing Tr. 173, 176, 177, 180, 182, 184). Ultimately, Plaintiff argues as follows:

> Based on the medical record and examples provided in the Transcript, Plaintiff's problems with concentration, persistence, or pace appear to be marked limitation. The ALJ did not address this condition in the RFC determination. Per SSR 85-16, the areas of functioning specified in the regulations must be considered for the evaluation of the severity of mental impairments. [20 C.F.R. 404.1545(c), 416.945(c).] These include limitations in understanding, remembering, and carrying out instructions. This ruling also requires that "all limits on work-related activities resulting from the mental impairment . . . be described in the mental RFC assessment" and must be considered in the context of his/her vocational factors of age, education[,] and work experience.

[Doc. 20] at 12 (purporting to quote SSR 85-16 but omitting any pin cite). To the extent that the argument is adequately developed, it is lacking merit.

First, even if the evidence cited by Plaintiff tended to show that she suffered a marked limitation in her ability to concentrate, persist, and maintain pace—which I do not necessarily find—remand would still not be warranted. For remand, Plaintiff must show that the ALJ's findings are not supported by substantial evidence. That standard is not met by pointing to evidence that could have supported a different outcome. For remand, Plaintiff would have to show that the evidence supporting the ALJ's findings are supported by nothing more than a "mere

scintilla" of evidence. *Langley*, 373 F.3d at 1118. Here, Plaintiff does not attempt to discuss what evidence supports the ALJ's findings. *See* [Doc. 20] at 9–12.

Or, another way to trigger remand is to show that the evidence supporting the ALJ's finding is "overwhelmed" by contrary evidence. *Langley*, 373 F.3d at 1118. Plaintiff neither argues, nor shows, that the evidence supporting the ALJ's findings is overwhelmed by contrary evidence. *See* [Doc. 20] at 9–12. Instead, Plaintiff cites to evidence that she believes is favorable to her and concludes that the ALJ "did not address this condition." *Id.* at 12. Simply because contrary evidence exists does not mean that it overwhelms the evidence supporting the ALJ's findings. Remand is not warranted on the grounds Plaintiff presents.

Second, Plaintiff references SSR 85-16 and §§ 404.1545(c), 416.945(c). The implication is that the ALJ did not describe in his RFC assessment Plaintiff's ability to understand, carry out and remember instructions, and respond appropriately to supervision, coworkers, and customary work pressures in a work setting. [Doc. 20] at 12. However, the ALJ's decision includes explicit discussions of the effects of Plaintiff's mental impairments. Tr. 40, 43–45. Plaintiff's arguments, even coupled with references to SSR 85-16 and SSR 85-16 and §§ 404.1545(c), 416.945(c), are nearly opaque. She fails to show that the ALJ committed any error in evaluating her mental impairments or their effects. Remand is not warranted on the grounds she asserts.

### C. Plaintiff fails to show reversible error in the ALJ's evaluation of her diabetes or in his development of the record with respect to her diabetes.

The ALJ found Plaintiff's diabetes to be non-severe at step two. Tr. 38. Plaintiff argues that her diabetes is, in fact, severe, and the ALJ committed reversible error in finding otherwise. [Doc. 20] at 12–13; [Doc 25] at 7. Plaintiff's argument fails as a matter of law. There is no

reversible error in failing to find an impairment to be severe at step two unless the ALJ finds no impairment to be severe and, thus, does not proceed through the SEP. *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.").

Here, because the ALJ found certain impairments to be severe at step two, and because he proceeded through the SEP, Tr. 39–46, remand is not appropriate. Even if the ALJ erred in finding Plaintiff's diabetes not severe, such error would not be reversible because he found other impairments to be severe and proceeded through the SEP. *Id.*

Relatedly, Plaintiff argues that the ALJ erred in failing to develop an adequate record on the effects of Plaintiff's hyperglycemia. She points to many instances in the record of elevated A1C levels. [Doc. 20] at 13 (citations omitted). She argues that "[a]lthough [she] does not [sic] diabetic complications, having high glucose levels *can* impact her ability to sustain employment. *Possible symptoms* of hyperglycemia (high glucose levels) are frequent urination, fatigue, headache, increased thirst, blurred vision, nausea and vomiting, weakness, confusion[,] and abdominal pain." *Id.* (emphases added). For these reasons, Plaintiff argues that the ALJ "failed to develop the record by not obtaining testimony regarding the Plaintiff's effects of hyperglycemia." *Id.*

Plaintiff's argument is unpersuasive for two reasons. First, Plaintiff's attorney (at the time), in fact, did question her at the hearing about the symptoms of her diabetes. Tr. 178–79. Second, and more to the point, the ALJ made findings on the effects of Plaintiff's diabetes. *See* Tr. 38. The ALJ found that Plaintiff was not compliant with diabetes treatment and that, nevertheless, there were "little, if any, instances of complications" from her diabetes. *Id.* Plaintiff does not

argue—much less show—that in making his finding, the ALJ applied an incorrect legal standard. Nor does Plaintiff argue—much less show—that the ALJ's finding is not supported by substantial evidence. She does not challenge this finding at all. Plaintiff fails to show, under the circumstances of this case (even with the A1C levels reflected in the record), that the ALJ was required to ask Plaintiff at the hearing about the effects of hyperglycemia. Plaintiff also fails to show that the lack of such questioning is reversible error.

## II. Plaintiff fails to show reversible error in the classification of her past relevant work.

At the hearing, the VE classified Plaintiff's PRW as a "housekeeping[,] cleaner," DOT number 323.687-014, which has a light exertional level.[5] Tr. 186. In his written decision, the ALJ (apparently relying on the VE's testimony) found that Plaintiff's PRW was classified as "housekeeping[,] cleaner," DOT number 323.687-014 ("housekeeping"). Tr. 45. Plaintiff disagrees with this classification. [Doc. 20] at 16. As Plaintiff sees it, the DOT classification for her PRW is more accurately "cleaner, hospital," DOT number 323.687-010 ("hospital cleaner"), which has a medium exertional level.[6] *Id.* This matters to Plaintiff because the ALJ limited Plaintiff to light work in the RFC assessment and, thus, the medium work of hospital cleaner would be precluded. *See id.* Plaintiff characterizes her challenge in a couple different ways. First, she argues that the ALJ failed to make discrete findings on the demands of her PRW. Second, she

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of . . . up to 10 pounds. [I]t requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).
[6] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

argues that the ALJ did not specifically find that her RFC would allow her to return to her PRW. Neither argument is persuasive.

A. Even assuming that the ALJ failed to adequately make discrete findings
about the demands of Plaintiff's PRW, Plaintiff fails to show that
such error—on its own—requires remand, especially since
the ALJ's classification of Plaintiff's PRW is supported by substantial evidence.

Plaintiff argues that the ALJ erred by failing "to provide specific findings of fact as to the physical and mental demands of [Plaintiff's] past job/occupation, as set forth in SSR 82-62." [Doc. 20] at 14. SSR 82-62 dictates that sufficient documentation be obtained to support the decision. [Doc. 20] at 14. Plaintiff explains, "As dictated in SSR 82-62, past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work." [Doc. 20] at 15.

Plaintiff argues that the DOT describes housekeeping as performed in "any industry" with duties including cleaning rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories. *Id.* at 14–15 (citing DOT number 323.687-014). Yet, Plaintiff testified that she worked in the "medical industry," at a nursing home and two hospitals. *Id.* at 15 (citing Tr. 174–75). Based solely on this distinction, between housekeeping in "any industry" and housekeeping in "the medical industry," Plaintiff argues that the ALJ erred in failing to make specific findings as to the demands of Plaintiff's PRW. *Id.* at 16.

As an initial matter, Plaintiff cites no authority for the proposition that a lack of specific findings as to the demands of a claimant's past work is *itself* always reversible error. SSR 82-62 does not indicate that a lack of such findings is reversible per se, and Plaintiff cites no other

14

authority. In this case, the ALJ found that Plaintiff was "capable of performing past relevant work as housekeeping cleaner, DOT Code 323.687-014, light exertional level[.]" Tr. 45. To the extent that this statement fails to adequately separate the finding about the demands of Plaintiff's PRW from the finding that the PRW is classified as housekeeping, Plaintiff fails to show that such error—on its own—requires remand.

More importantly, I find that substantial evidence supports the ALJ's finding that Plaintiff's PRW is properly characterized as housekeeping. One, the VE opined that Plaintiff's PRW was classified as housekeeping, and the ALJ was free to rely on that testimony. *See Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003). Two, Plaintiff's testimony at the hearing about the location of her past work (in a nursing home and two hospitals) is not inconsistent with the location of housekeeping, which is "any industry," or commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories. Three, Plaintiff's testimony about the exertional demands of her past jobs, as reflected in her Work History Report, is also consistent with exertional demands of housekeeping. For example, Plaintiff averred that the heaviest weight she lifted in her past three jobs was 20 pounds and that she frequently lifted less than ten pounds. Tr. 318–20. These lifting demands are consistent with the description for housekeeping. *Compare id.*, *with* DOT number 323.687-014 (describing light work).

Finally, I see no discrepancy between the duties of Plaintiff's past jobs, as she described them, and the duties of housekeeping, as defined in the DOT. For example, Plaintiff described her duties at Gallup Indian Medical Center as "vacuums, dust mop, mop floors[,] stairway, clean elevators, patient isolation room, employee lounges, offices, bathrooms, carpet, buffs floors, shower[]s, replenishes paper towel[]s and hand so[a]p, clean emergency when patients are

discharged, clean OR, ICU, vents, s[c]rub walls." Tr. 320, *see* Tr. 317 (indicating that these duties were carried out at Gallup Indian Medical Center). The duties of housekeeping, as described in the DOT, include "[c]leans rooms and halls in commercial establishments [and s]orts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets." DOT number 323.687-014. The DOT entry for housekeeping incorporates the light duties of the "master title" of "cleaner":

> [c]leans rooms, hallways, lobbies, lounges, rest rooms, corridors, elevators, stairways, and locker rooms and other work areas. Sweeps, scrubs, waxes, and polishes floors, using brooms and mops and powered scrubbing and waxing machines. Cleans rugs, carpets, upholstered furniture, and draperies, using vacuum cleaner. Dusts furniture and equipment. Polishes metalwork, such as fixtures and fittings. Washes walls, ceiling, and woodwork. Washes windows, door panels, and sills. Empties wastebaskets, and empties and cleans ashtrays. Transports trash and waste to disposal area. Replenishes bathroom supplies. Replaces light bulbs. Classifications are made according to type of establishment in which work is performed. Typical classifications are CLEANER, COMMERCIAL OR INSTITUTIONAL (any industry); CLEANER, HOSPITAL (medical ser.); CLEANER, HOUSEKEEPING (any industry); CLEANER, INDUSTRIAL (any industry); HOUSECLEANER (hotel & rest.).

DOT, Master Titles and Definitions for Cleaner I (any industry), https://occupationalinfo.org/masters_1.html (last visited September 12, 2019). I see no material inconsistency between the duties of Plaintiff's PRW and the duties of housekeeping. Critically, Plaintiff does not argue that there is any inconsistency.

Plaintiff argues simply that because she worked in the medical industry, hospital cleaner would be a better fit. Plaintiff fails to show that cleaning in the medical industry (as opposed to a

non-medical setting) somehow changes the result, i.e., that substantial evidence supports the ALJ's classification of housekeeping. Even if Plaintiff's PRW were *more* accurately characterized as hospital cleaner—which I do not necessarily find—remand would not be warranted. The issue is not whether there is a better interpretation of the evidence. That is not the standard. Instead, the issue is whether the ALJ's finding (that her PRW was housekeeping) is supported by substantial evidence and that the correct legal standards were applied. I find that there is substantial evidence to support the classification of housekeeping.

### B. The ALJ found that Plaintiff's RFC would allow her to return to her PRW, and there is no merit to Plaintiff's suggestion that the finding is absent.

Plaintiff argues that the ALJ did not specifically find that her RFC would allow her to return to her PRW. [Doc. 20] at 15–16. Plaintiff misstates the ALJ's findings. In fact, he did find that her RFC would allow her to return to her PRW. Tr. 45. The ALJ found that Plaintiff was "capable of performing past relevant work as housekeeping cleaner, DOT Code 323.687-014, light exertional level with SVP of 2." *Id.* He further found that such work did "not require the performance of work-related activities precluded by the claimant's residual functional capacity." *Id.* Plaintiff shows no error and no ground for remand.

### III. Plaintiff fails to show reversible error in the ALJ's evaluation of Dr. O'Neil's opinion.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the

objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

In order to receive controlling weight, treating physician opinions must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c). However, not every factor is applicable in every case, nor must an ALJ always analyze all six factors. What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two distinct phases. First, the ALJ must find that the opinion is not supported by medical evidence and/or is not consistent with the record. Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above. Like all findings, an ALJ's findings in these two phases must be supported by substantial evidence.

Here, the ALJ rejected Dr. O'Neil's opinion because he found that it was inconsistent with the record overall, and because he found it was based on Plaintiff's subjective complaints of pain, to which he assigned minimal weight. Tr. 45. Plaintiff challenges the rejection of Dr. O'Neil's opinion. [Doc. 20] at 16–18. However, her argument is entirely conclusory. Plaintiff offers no more than a bald contradiction of the ALJ's finding: "When the entire record is considered, the opinion of Dr. O'Neil is consistent with the record." [Doc. 20] at 18. On the argument as presented by Plaintiff, remand is not warranted. Plaintiff fails to show that the ALJ's findings are not supported by substantial evidence or that he applied an incorrect legal standard.

## Conclusion

Plaintiff's arguments are not persuasive. She fails to show any error in the ALJ's evaluation of her reported symptoms. She fails to show that the ALJ's classification of her PRW is reversible. Finally, her challenge to the ALJ's evaluation of Dr. O'Neil's opinion is conclusory and fails to support remand. Accordingly, Plaintiff's Motion should be denied, and the Commissioner's decision should be affirmed.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Brief in Support of Motion to Remand or Reverse [Doc. 20] be **DENIED** and the Commissioner's final decision, affirmed.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1.** **If no objections are filed, no appellate review will be allowed.**

---

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**