# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JUDITH R. JAMES,

     **Plaintiff,**

v.                                      **No.18-cv-1074 JCH/SMV**

ANDREW SAUL,[1]
**Commissioner of the Social Security Administration,**

     **Defendant.**

## MEMORANDUM OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
## AND DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 26] ("PF&RD"), issued on September 19, 2019.  On reference by the undersigned, Stephan M. Vidmar, United States Magistrate Judge, reviewed Plaintiff's Brief in Support of Motion to Remand or Reverse [Doc. 20] ("Motion"), filed on April 25, 2019; Defendant's Response [Doc. 24], filed on July 22, 2019; Plaintiff's Reply [Doc. 24], filed on August 5, 2019; the entire record; and the relevant law.  [Doc. 27] at 1.  He found that Plaintiff had failed to meet her burden as the movant before this Court to show either that the Administrative Law Judge ("ALJ") did not apply the correct legal standards or that his findings were not supported by substantial evidence.  *Id.*  Because Plaintiff's arguments fail to show either kind of error, Judge Vidmar recommended that the Motion be denied and that the final decision of the Commissioner,

---

[1] Andrew Saul is the current Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2012).

affirmed. [Doc. 27]. Plaintiff timely objected to the PF&RD on October 3, 2019. [Doc. 27]. Defendant responded in support of the PF&RD on October 17, 2019. [Doc. 28].

Plaintiff's objections will be overruled. The Court finds that many objections were not raised in the original Motion and, thus, are waived. Several objections are based on inapposite standards of review and, accordingly, would not trigger remand even if they were borne out by the record. Others are conclusory or ask the Court to impermissibly reweigh the evidence. The Court has reviewed de novo those portions of the PF&RD to which Plaintiff properly objected, but the objections are not meritorious. The Court will overrule the Objections [Doc. 27], adopt the PF&RD [Doc. 26], deny Plaintiff's Motion [Doc. 20], and affirm the Commissioner's final decision.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481 (1980). The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 404.970(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096.

Here, the Court reviews the ALJ's decision considering the entire record, which does *not* include the evidence submitted to, but rejected by, the Appeals Council and not exhibited in the record. Tr. 6, 20–170. Plaintiff raises no challenge to the disposition of that evidence. *See* [Docs. 20, 25]. If the Appeals Council had considered any of the evidence, this Court would also include the evidence in its review of the entire record. However, because the Appeals Council did not consider it—a determination not challenged by Plaintiff—this Court does not consider it either.

substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The 'failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.'" *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

**<u>Applicable Law and Sequential Evaluation Process</u>**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2012); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process ("SEP").  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012).  At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[3] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i)–(iv), 416.920(a)(4)(i)–(iv); *Grogan*, 399 F.3d at 1261.  If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

## **Procedural Background**

Plaintiff applied for a period of disability and disability insurance benefits on April 1, 2014, and for supplemental security income on July 28, 2014. Tr. 35. She alleged a disability-onset date of December 18, 2013. *Id.* Her claims were denied initially and on reconsideration. *Id.* ALJ Randolph E. Schum held a hearing on June 22, 2016, in Phoenix, Arizona. Tr. 35, 171–89. Plaintiff appeared via videoconference from Flagstaff, Arizona, with her attorneys Nicole Franco and John Heard. Tr. 35. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Marcos R. Molinar. Tr. 35, 185–87.

The ALJ issued his unfavorable decision on September 22, 2016. Tr. 46. He found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018. Tr. 37. At step one, he found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* At step two, he found that Plaintiff suffered from the following severe impairments: "residual (swelling) from adrenal surgery, obesity, anxiety disorder, and posttraumatic stress disorder ('PTSD')." *Id.* The ALJ also found that Plaintiff's diabetes mellitus, gastroesophageal reflux disease, constipation, "high blood pressure and/or heart condition," and urinary urgency were not severe. Tr. 38.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 39–41. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 41–45. The ALJ found that Plaintiff had:

the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except that she can stand and/or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday; she can lift and carry 20 pounds occasionally and ten pounds frequently; she can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds; she can occasionally stoop, kneel, crouch, and crawl; she should avoid concentrated exposure to unprotected heights; and she should not work in a setting with constant or regular contact with the general public or more than infrequent handling of customer complaints.

Tr. 41.

At step four, the ALJ found that Plaintiff was able to return to her past relevant work as a housekeeping cleaner (Dictionary of Occupational Titles ("DOT") number 323.687-014), as it is generally performed. Tr. 45. Accordingly, the ALJ found that Plaintiff was not disabled, and he denied her claims. Tr. 46. The Appeals Council denied review on January 5, 2018. Tr. 5–8. After an extension of time, Tr. 1, Plaintiff timely filed the instant action on November 16, 2018, [Doc. 1].

### Magistrate Judge's PF&RD

Judge Vidmar recommended that Plaintiff's Motion to Remand or Reverse [Doc. 20] be denied because Plaintiff had failed to show any reversible error in the ALJ's decision. [Doc. 26]. He found that Plaintiff had failed to show any reversible error in the ALJ's application of Social Security Ruling 16-3p in evaluating her reported symptoms. *Id.* at 6–13. He further found that she failed to show any reversible error in the classification of her past relevant work ("PRW"). *Id.* at 13–17. Finally, he found that she failed to show any reversible error in the ALJ's evaluation of Dr. O'Neill's treating opinion.[4] *Id.* at 17–19.

---

[4] In some portions of the record and briefing, Dr. O'Neill's name is spelled with one L, i.e., "O'Neil." However, it appears to the Court that her name is properly spelled with two Ls. Tr. 1195.

**<u>Standard of Review for Objections</u>**
**<u>to Magistrate Judge's PF&RD</u>**

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C) (2012). To preserve an issue, a party's objections to a PF&RD must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see Wofford v. Colvin*, 570 F. App'x 744, 745–46 (10th Cir. 2014) (holding that "conclusory and non-specific" objections that "fail[] to identify the particular errors the magistrate judge committed" fail to preserve an issue for appellate review). Moreover, "theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001).

I.  <u>Plaintiff's objections to the ALJ's evaluation of her abdominal pain are overruled.</u>

The ALJ effectively rejected Plaintiff's reported symptoms and limiting effects of abdominal pain. *See* Tr. 42. Before Judge Vidmar, Plaintiff challenged the ALJ's rejection on only one ground: that the ALJ had "failed to consider" the evidence that supported her reported symptoms. [Doc. 20] at 8–9, 20–24. To be sure, Plaintiff listed all the evidence that she believed was favorable to her. *Id.* at 20–24. However, Judge Vidmar found that Plaintiff's position (that the ALJ had "failed to consider" the favorable evidence) did not trigger remand. [Doc. 26] at 8. This was because the ALJ explicitly stated several times that, in fact, he had considered all the evidence. Tr. 35 ("After careful consideration of all

7

the evidence . . ."); Tr. 37 ("After careful consideration of the entire record . . ."); Tr. 38 ("After considering the evidence of record . . ."); Tr. 41 ("After careful consideration of the entire record . . ."); *id.* ("In making [the RFC] finding, the [ALJ] has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). Because the ALJ had written that he had "considered" the evidence, Judge Vidmar correctly took him at his word. *See Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009).

Furthermore, Judge Vidmar found it critical that Plaintiff had not challenged the relevant findings by the ALJ; she had not challenged his reasons for rejecting her reported abdominal symptoms. [Doc. 26] at 9. Plaintiff had not disputed the ALJ's finding that she testified that medication took her pain away. *See* [Doc. 20] at 8–9. Nor had Plaintiff challenged the ALJ's finding that her treatment records indicated that she was in no "distress." *See id.* Nor had she argued that these findings failed to support his assigning minimal weight to her reported symptoms. *See id.* Nor had she challenged the legal standard applied by the ALJ. *See id.* Her sole argument was that "[t]he ALJ did not consider [her] persistent efforts in seeking relief for her pain or the daily limitations and restrictions caused by her pain." *Id.* at 9; *see* [Doc. 25] at 4. Judge Vidmar found that lone argument was not meritorious because the ALJ had considered all of the evidence. [Doc. 26] at 9.

Judge Vidmar further acknowledged that in her Reply, Plaintiff had attempted to expand her arguments somewhat. *Id.* at 6 n.4. He found that to the extent that Plaintiff had made any new argument for the first time in her Reply, it was waived. *Id.* Moreover, he found that to the extent the Reply could be construed as asserting any new argument,

it was "inadequately developed" and, thus, waived. *Id.* (citing *Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009) (stating that an issue is waived if not adequately supported by "developed argumentation")).

Plaintiff now objects. [Doc. 27]. Her objections are not very clear, however. *See id.* She points out that the ALJ gave a one-paragraph analysis explaining why he accorded minimal weight to her reported abdominal symptoms, which she argues, was "contradicted by a preponderance of the evidence." [Doc. 27] at 2. She argues that the ALJ did not determine the RFC based on the entire record as required. *Id.* at 2–3. She also argues that the ALJ's findings were not supported by substantial evidence. *Id.* These objections will be overruled.

These objections are based on grounds not properly raised before Judge Vidmar and are, therefore, waived. *See Garfinkle*, 261 F.3d at 1030–31. Judge Vidmar found that the *sole* ground properly raised before him was an alleged "failure to consider" the favorable evidence and that any other arguments were waived. [Doc. 26] at 8–9. Plaintiff does not object to that finding. She does not dispute that she failed to properly raise these arguments before Judge Vidmar (i.e., failed to raise them in her Motion). *See* [Doc. 27]. Nor does Plaintiff object to Judge Vidmar's finding that the ALJ, said he had considered all the evidence. *See id.* On de novo review, the Court agrees that objections are waived because they were not properly raised before Judge Vidmar.

Even if the objections had not been waived, and on de novo review, they would be overruled for other reasons. For example, Plaintiff objects based on a standard of review that is not relevant in social security appeals. Plaintiff objects to the ALJ's rejection of her abdominal symptoms because, she argues, his rejection was "contradicted by a

9

preponderance of the evidence." [Doc. 27] at 2. Even if her position were borne out by the record—which the Court does not necessarily find—remand would not be warranted. The standard is whether the ALJ's decision is supported by "substantial evidence," i.e., "more than a scintilla, but *less than a preponderance*." *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014) (emphasis added) (quoting *Lax*, 489 F.3d at 1084). Thus, even if a preponderance of the evidence supported a different outcome, this Court would still be bound to affirm. To warrant remand, Plaintiff would have to show that the favorable evidence "overwhelmed" the evidence supporting the ALJ's decision or that his decision was supported by "a mere scintilla." Plaintiff shows neither.

Additionally, the other objections are inadequately developed and conclusory. *See 2121 E. 30th St.*, 73 F.3d at 1060. Plaintiff argues that that ALJ failed to determine the RFC based on the entire record, as required. [Doc. 27] at 2–3. She also asserts—entirely conclusorily—that the ALJ's determination is not supported by substantial evidence. *Id.* She offers nothing more. The objections are overruled.

## II.  Plaintiff's objections to the ALJ's evaluation of her anxiety disorder, PTSD, memory, or concentration are overruled.

The ALJ found Plaintiff to have a mild limitation in the area of concentration, persistence, or pace. AR 43. Plaintiff had challenged this finding before Judge Vidmar. [Doc. 20] at 12. She cited to certain portions of the record and argued that the limitation actually should have been assessed as marked, not mild. [Doc. 20] at 11–12. Judge Vidmar implicitly found that the argument was not adequately developed. [Doc. 26] at 10. Further, he found that to the extent the argument was adequately developed, it lacked merit.

Judge Vidmar found that even if the evidence supported a more restrictive limitation in concentration, persistence, or pace, remand would not be warranted on that basis. *Id.* at 10–11. Judge Vidmar explained that to trigger remand, Plaintiff would have had to show either that the ALJ's finding was not supported by substantial evidence or that he had applied an incorrect legal standard. *Id.* Neither standard was met by Plaintiff's pointing to evidence that could have supported a different outcome. *Id.*

Further, and as is relevant to Plaintiff's objections, Judge Vidmar acknowledged Plaintiff's references to SSR 85-16 and §§ 404.1545(c), 416.945(c). *Id.* at 11. The implication that Judge Vidmar took from these references was that Plaintiff was arguing that the ALJ had not described in his RFC assessment Plaintiff's ability to understand, carry out, and remember instructions and respond appropriately to supervision, coworkers, and customary work pressures in a work setting. *Id.* (citing [Doc. 20] at 12). However, Judge Vidmar found that the ALJ's decision included explicit discussions of the effects of Plaintiff's mental impairments. *Id.* (citing Tr. 40, 43–45). He found that Plaintiff's arguments, even read in light of her references to SSR 85-16 and §§ 404.1545(c), 416.945(c), were "nearly opaque." *Id.* He determined that Plaintiff failed to show any error in the evaluation of her mental impairments or her side effects. *Id.* Plaintiff now objects. [Doc. 27] at 3–4.

In her Objections, Plaintiff lists evidence of her PTSD and anxiety. *Id.* at 3. She then argues that "the record overwhelms the ALJ's finding of mild limitations in concentration, persistence, or pace." *Id.* She does not explain her argument any further, and the Court finds it unpersuasive. First, Plaintiff did not present this argument in her

Motion. *See* [Doc. 20] at 9–12. She raises for the first time in her Objections. Accordingly, it is waived.

Even if it were not waived, however, on de novo review, it would not be persuasive. The ALJ explained why he assessed a mild limitation in Plaintiff's ability to concentrate, persist, or maintain pace. Tr. 40. He cited to and discussed three specific medical notes, which indicated that Plaintiff's memory was not as impaired as she claimed. *Id.* Plaintiff does not address these notes or the ALJ's reasons for his finding. *See* [Doc. 27] at 3–4. Critically, Plaintiff does not dispute the ALJ's interpretation of these medical notes. *See id.* Rather, she provides evidence that she believes is more favorable to her. *Id.* But this Court cannot reweight the evidence. *See Flaherty*, 515 F.3d at 1070. Plaintiff's objection will be overruled.

Plaintiff also seems to argue that the ALJ failed to address (as required by SSR 85-16) the following areas of functioning: interactions with co-workers or supervisors; ability to concentrate for two hours at a time; ability to understand, remember, and carry out simple or complex instructions; or ability to make simple work-related decisions. [Doc. 27] at 3–4 (citing Reply at 6). However, Plaintiff does not address Judge Vidmar's finding that that ALJ had explicitly discussed the effects of Plaintiff's mental impairments. *See* [Doc. 27]. She does not explain why the ALJ's discussion was not sufficient. Other than citing to SSR 85-16 (in its entirety, with no pin cite or other way to determine the relevant porition), Plaintiff cites to no source of authority to support her position that the ALJ's decision was lacking. Ultimately, Plaintiff concludes that "[t]he ALJ's factual findings are contrary to SSR 85-16 and are overwhelmed by substantial evidence." [Doc. 27] at 4. On de novo review, the Court finds that this objection is conclusory and

non-specific. It fails to identify the particular errors she believes the magistrate judge committed. It is overruled.

III. Plaintiff's objections to the ALJ's evaluation of her diabetes are overruled.

The ALJ found Plaintiff's diabetes to be non-severe at step two. Tr. 38. Plaintiff challenged this finding before Judge Vidmar. [Doc. 20] at 12–13. Judge Vidmar found that her argument failed as a matter of law because the ALJ found other impairments severe at step two and proceeded through the SEP. [Doc. 26] at 11–12 (citing *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.")). Plaintiff objects on two grounds. [Doc. 27] at 4.

First, she argues that the evidence shows that her diabetes is actually severe. *Id.* This objection is overruled because the ALJ found other impairments to be severe, and therefore, pursuant to *Allman*, there is no reversible error. Next, she argues that the ALJ did not "include Plaintiff's diabetic condition in the RFC determination." *Id.* This objection is waived because she did not raise it in her Motion. *See* [Doc. 20] at 12–13; *see also* [Doc. 26] at 11–13.

IV. Plaintiff's objections to the ALJ's classification of PRW are overruled.

In his written decision, the ALJ (apparently relying on the VE's testimony) found that Plaintiff's PRW was classified as "housekeeping, cleaner," DOT number 323.687-014 ("housekeeping"). Tr. 45. Plaintiff challenged this classification before Judge Vidmar. [Doc. 20] at 15–16. Plaintiff argued that the DOT classification for her PRW was more accurately "cleaner, hospital," DOT number 323.687-010 ("hospital cleaner"), which has a medium exertional level. [Doc. 20] at 15–16. This mattered to Plaintiff because the ALJ

13

limited Plaintiff to light work in the RFC assessment, which would preclude the medium work of hospital cleaner. *See id.* Plaintiff characterized her challenge in a couple different ways, but only one is relevant here. Plaintiff argued that the ALJ had failed to make discrete findings on the demands of her PRW. *Id.* at 16.

Judge Vidmar found that even if the ALJ had failed to adequately make discrete findings about the demands of Plaintiff's PRW, Plaintiff failed to show that such error—on its own—required remand, especially when the ALJ's classification of Plaintiff's PRW (as housekeeping) was supported by substantial evidence. [Doc. 26] at 14–15. Among other reasons, Judge Vidmar found that there was no discrepancy between the duties of Plaintiff's past jobs as she had described them and the duties of housekeeping, as defined in the DOT. *Id.* at 15. Plaintiff objects. [Doc. 27] at 5.

In her Objections, Plaintiff argues that the ALJ did not include any finding on the physical and mental demands of her PRW. *Id.* She further argues that the VE "provided the incorrect DOT number" in classifying her PRW. *Id.* at 6. Plaintiff argues that her hearing testimony (that she cleaned patient rooms, emergency rooms, intensive care units, and operating rooms) is "clearly distinguishable" from the duties of housekeeping. *Id.*

On de novo review, the Court will overrule the objections. As an initial matter, Plaintiff cites no authority for the proposition that a lack of specific findings as to the demands of a claimant's past work is *itself* always reversible error. SSR 82-62 does not indicate that a lack of such findings is reversible per se, and Plaintiff cites no other authority. *See* [Doc. 27] at 4–6. In this case, the ALJ found that Plaintiff was "capable of performing past relevant work as housekeeping cleaner, DOT Code 323.687-014, light

14

exertional level." Tr. 45. To the extent that this statement fails to adequately separate the finding about the demands of Plaintiff's PRW from the finding that the PRW is classified as housekeeping, Plaintiff fails to show that such error—on its own—requires remand.

More importantly, on de novo review, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff's PRW is properly characterized as housekeeping. One, the VE opined that Plaintiff's PRW was classified as housekeeping, and the ALJ was free to rely on that testimony. *See Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003). Two, Plaintiff's testimony at the hearing about the location of her past work (in a nursing home and two hospitals) is not *in*consistent with the location of housekeeping, which is "any industry," or commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories. DOT number 323.687-014. Three, Plaintiff's testimony about the exertional demands of her past jobs, as reflected in her Work History Report, is consistent with exertional demands of housekeeping. For example, Plaintiff averred that the heaviest weight she lifted in her past three jobs was 20 pounds and that she frequently lifted less than ten pounds. Tr. 318–20. These lifting demands are consistent with the description for housekeeping. *Compare id.*, *with* DOT number 323.687-014 (describing housekeeping as light work).

Finally, the Court sees no discrepancy between the duties of Plaintiff's past jobs, as she described them, and the duties of housekeeping, as defined in the DOT. For example, Plaintiff described her duties at Gallup Indian Medical Center as "vacuums, dust mop, mop floors[,] stairway, clean elevators, patient isolation room, employee lounges, offices, bathrooms, carpet, buffs floors, shower[]s, replenishes paper towel[]s and hand

15

so[a]p, clean emergency when patients are discharged, clean OR, ICU, vents, s[c]rub walls." Tr. 320, *see* Tr. 317 (indicating that these duties were carried out at Gallup Indian Medical Center). The duties of housekeeping, as described in the DOT, include "[c]leans rooms and halls in commercial establishments [and s]orts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets." DOT number 323.687-014. The DOT entry for housekeeping incorporates the light duties of the "master title" of "cleaner":

> [c]leans rooms, hallways, lobbies, lounges, rest rooms, corridors, elevators, stairways, and locker rooms and other work areas. Sweeps, scrubs, waxes, and polishes floors, using brooms and mops and powered scrubbing and waxing machines. Cleans rugs, carpets, upholstered furniture, and draperies, using vacuum cleaner. Dusts furniture and equipment. Polishes metalwork, such as fixtures and fittings. Washes walls, ceiling, and woodwork. Washes windows, door panels, and sills. Empties wastebaskets, and empties and cleans ashtrays. Transports trash and waste to disposal area. Replenishes bathroom supplies. Replaces light bulbs. Classifications are made according to type of establishment in which work is performed. Typical classifications are CLEANER, COMMERCIAL OR INSTITUTIONAL (any industry); CLEANER, HOSPITAL (medical ser.); CLEANER, HOUSEKEEPING (any industry); CLEANER, INDUSTRIAL (any industry); HOUSECLEANER (hotel & rest.).

DOT, Master Titles and Definitions for Cleaner I (any industry), https://occupationalinfo.org/masters_1.html (last visited October 28, 2019). There is no material inconsistency between the duties of Plaintiff's PRW and the duties of housekeeping.

Critically, Plaintiff did not argue that there was any inconsistency until her Objections. *See* [Doc. 20]. And even in her Objections, she only makes the argument conclusorily. [Doc. 27] at 6. It is not persuasive.

Plaintiff argues that because she worked in the medical industry, hospital cleaner would be a better fit than housekeeping. Plaintiff fails to show that cleaning in the medical industry (as opposed to a non-medical setting) somehow changes the result, i.e., that substantial evidence supports the ALJ's classification of housekeeping. Even if Plaintiff's PRW were *more* accurately characterized as hospital cleaner—which the Court does not necessarily find—remand would not be warranted. The issue is not whether there is a better interpretation of the evidence. That is not the standard. Instead, the issue is whether the ALJ's finding (that her PRW was housekeeping) is supported by substantial evidence and that the correct legal standards were applied. *See Maes*, 522 F.3d at 1096. On de novo review, the Court finds that there is substantial evidence to support the classification of housekeeping. Additionally, Plaintiff has never pointed to any incorrect legal standard, and the Court is aware of none. The objections will be overruled.

V.  Plaintiff's objections under her heading, "Finding of Fact that the
Plaintiff's RFC would permit a return to her PRW" are overruled.

Plaintiff repackages all the objections addressed thus far and repeats them, arguing that the ALJ failed to write the decision "clearly and rationally." [Doc. 27] at 6; *see id.* at 6–7. This objection is overruled for the same reasons the others are overruled.

VI.  Plaintiff's objections to the ALJ's evaluation of
Dr. O'Neill's treating opinion are overruled.

The ALJ rejected Dr. O'Neill's treating opinion because he found that it was inconsistent with the record overall, and because he found it was based on Plaintiff's

subjective complaints of pain, to which he assigned minimal weight. Tr. 45. Plaintiff challenged the rejection of Dr. O'Neill's opinion before Judge Vidmar. [Doc. 20] at 16–18. Judge Vidmar found, however, that her argument was entirely conclusory,[5] and he rejected it. [Doc. 26] at 19 (citing [Doc. 20] at 18).

Judge Vidmar further acknowledged that in her Reply, Plaintiff had attempted to expand her arguments somewhat. *Id.* at 6 n.4. He found that to the extent that Plaintiff had made any new argument for the first time in her Reply, it was waived. *Id.* Moreover, he found that to the extent the Reply could be construed as asserting any new argument, it was "inadequately developed" and, thus, waived. *Id.* (citing *Wall*, 561 F.3d at 1065 (stating that an issue is waived if not adequately supported by "developed argumentation")). Plaintiff objects. [Doc. 27] at 8–9.

Plaintiff now argues that that ALJ erred in failing to give specific, legitimate reasons for rejecting Dr. O'Neill's opinion as required by SSR 98-6p. [Doc. 27] at 8, 9. Obviously, the ALJ gave reasons for rejecting Dr. O'Neill's opinion; Plaintiff simply disagrees with those reasons. *See id.* She argues that the ALJ was wrong to find Dr. O'Neill's opinion inconsistent with the record because, she says, Dr. O'Neill's opinion was actually "supported by substantial evidence and consistent with the record." *Id.* at 8 (citing evidence). Further, Plaintiff argues that there is "no evidence to suggest that Dr. O'Neill's opinion was based entirely on . . . Plaintiff's subjective complaints of pain." *Id.* The objections will be overruled.

---

[5] In her Motion, the whole of her argument comprised the following: "When the entire record is considered, the opinion of Dr. O'Neil[l] is consistent with the record." [Doc. 20] at 18. She offered nothing more. *See id.*

The Court finds that these objections are waived because they were not properly raised before Judge Vidmar. (They were not raised in Plaintiff's Motion at all. *See* [Doc. 20] at 18.) Judge Vidmar found that the sole ground properly raised before him was Plaintiff's mere contradiction of the ALJ's finding: "When the entire record is considered, the opinion of Dr. O'Neil[l] is consistent with the record." [Doc. 26] at 19 (quoting [Doc. 20] at 18). Plaintiff does not object to that determination. *She does not contest* that the grounds for her objections were not properly raised before Judge Vidmar. *See* [Doc. 27].

Moreover, on de novo review, the Court finds that Judge Vidmar was correct; the only challenge raised before him in the Motion was Plaintiff's one-sentence argument: "When the entire record is considered, the opinion of Dr. O'Neil[l] is consistent with the record." [Doc. 26] at 19. Accordingly, the grounds now raised in Plaintiff's objections are waived. *See Garfinkle*, 261 F.3d at 1030–31.

Even if they were not waived, however, they would still be without merit. Plaintiff's objections are premised on a misapprehension of the standard of review. To warrant remand, Plaintiff would have to show either that the ALJ applied an incorrect legal standard or that his findings were not supported by substantial evidence. She does neither. In fact, she does not even argue as much. Instead, Plaintiff argues that the record supports a finding favorable to her. She argues that "Dr. O'Neil[l]'s opinion is supported by substantial evidence and consistent with the record." [Doc. 27] at 7. She urges that the specific medical records and hearing testimony she cites demonstrate that Dr. O'Neill's opinion is consistent with the record. *Id.* That may be so. But even if it were, remand would not be warranted. "The possibility of drawing two inconsistent conclusions

from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084.

Finally, Plaintiff argues that there is "no evidence to suggest that Dr. O'Neil[l]'s opinion was based entirely on . . . Plaintiff's subjective complaints of pain." [Doc. 27] at 8. There is, however, evidence to support the ALJ's conclusion. The ALJ himself discussed it. He reasoned that Dr. O'Neill had not ordered a workup on Plaintiff's back (despite Plaintiff's allegations of abdominal and back pain), and the functional limitations assessed by Dr. O'Neill were extreme compared to the exam findings that were in the record. Tr. 45. In other words, without consistent examination findings, the ALJ apparently inferred that Dr. O'Neill's opinion must have been based on Plaintiff's subjective complaints. Tr. 45. Plaintiff's conclusory argument (that there was "no evidence" that Dr. O'Neill's opinion was based entirely on Plaintiff's subjective complaints) ignores the ALJ's explanation—an explanation that Plaintiff does not dispute. The objections are overruled.

## Conclusion

Plaintiff's objections will be overruled. Many were not raised in her original Motion and are thus waived. Several are based on inapposite standards of review and, accordingly, would not trigger remand even if they were borne out by the record. Others are conclusory or ask the Court to impermissibly reweigh the evidence. The Court has reviewed de novo those portions of the PF&RD to which Plaintiff properly objected and finds the objections are without merit. The Commissioner's final decision will be affirmed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Objections [Doc. 27] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings & Recommended Disposition [Doc. 26] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand or Reverse [Doc. 20] is **DENIED**, and the Commissioner's final decision, affirmed.

**IT IS SO ORDERED.**

_____
**JUDITH C. HERRERA**
**Senior United States District Judge**